886

## In re ADELPHI COLLEGE.
### No. 33814.

District Court, E. D. New York.
Nov. 18, 1938.

McLanahan, Merritt & Ingraham, of New York City, for debtor.

Stein & Salant, of New York City, for majority of mortgage certificate holders.

Nathan D. Shapiro, of Brooklyn, N. Y., for an intervening certificate holders protective committee.

Edward Petigor, of New York City, for one certificate holder.

Hurd, Hamlin & Hubbell, of New York City, for corporate trustee under plan.

John Fletcher Caskey, of New York City, for Mortgage Corporation of New York.

BYERS, District Judge.

Applications for allowances herein were submitted on October 14, 1938, as follows:

| | |
|---|---|
| McLanahan, Merritt & Ingraham, attorneys for debtor........No suggested amount. | |
| Disbursements ....... | $ 772.88 |
| Stein & Salant, representing majority of mortgage certificate holders: | |
| Fee ..................... | 4000.00 |
| Disbursements ....... | 167.19 |
| Nathan D. Shapiro, representing an intervening certificate holders protective committee ................................................. | 2500.00 |
| Edward Petigor, representing one certificate holder ................................... | 2500.00 |
| Hurd, Hamlin & Hubbell, attorneys for corporate trustee under plan................... | 250.00 |
| Mortgage Corporation of New York........ | 394.61 |

The debtor is an educational institution —a women's college—which was threatened with the prospect of having to close during the month of November, 1937, because a mortgage of $1,000,000.00 covering its lands and buildings was sought to be foreclosed by suit filed November 15, 1937, by the last-named applicant. The mortgage was originally made by Title Guarantee and Trust Company, and certificates therein in varying amounts were sold to investors, the payment of which, as to principal and interest, was guaranteed by the corporate predecessor of the Mortgage Corporation, a subsidiary of the original mortgagee.

The foreclosure suit seems to have been instituted in opposition to the wishes of a majority in numbers and amount among the certificate holders. That statement was repeatedly made at hearings in this cause, and not denied.

It is mentioned only as bearing upon the application for allowance of the Mortgage Corporation.

The foreclosure suit precipitated this proceeding, and may have led to constructive ends, although it seemed at the time to threaten disaster to a substantial educational institution, and to be of doubtful benefit to the certificate holders themselves, because of the restricted demand among possible purchasers of the college property in the event of a forced sale in obedience to a foreclosure decree.

The debtor's petition was filed in this court on November 22, 1937, and a reorganization plan exactly thirty days later; five days thereafter an amended plan was filed, which came to hearing on March 1, 1938. During the interval, repeated meetings of counsel and certificate holders were held, which were chiefly concerned with the problem of interest arrears, and the payment of a reduced rate of interest during an extended term of the mortgage.

These questions were acute, and called for a nice adjustment of conflicting views in order that a way might be found to conserve the properties and facilities of the debtor so that it might have a fair opportunity to demonstrate its capacity to survive as a needed component in the educational structure of the community, without injustice to those whose capital investments were at stake.

As the result of the efforts brought to bear by counsel for the debtor, some of its board of trustees in person, and attorneys for the various certificate holders, the amended plan, as modified, was approved by a consent order of March 15, 1938.

Among other things, the mortgage indenture was taken over by a corporate trustee as successor to the original mortgagee, and the preparation of the new indenture was a laborious and tedious task. The attorneys for the new trustee thus were called upon to advise in reference to a subject which was new to them, which explains their application for allowance.

In disposing of these several petitions, it is not deemed necessary to discuss them in detail. Enough has been explained to render obvious that this is not an ordinary reorganization proceeding in which the services of counsel can be the subject of reasonable compensation where a commercial enterprise has been set upon its feet and started upon a path leading to profitable operation.

The income from all sources of this debtor, for the current scholastic year, will be insufficient to enable it to avoid a deficit. The only possible offset to that will be such funds as can be raised by private subscription on the part of those who have faith in the future of Adelphi College.

To increase that deficit by making an award of counsel fees at this time would offend the plainest dictates of decorum.

All that can be done is to direct the debtor, so soon as its funds permit, to reimburse certain petitioners for their cash outlays, and to fix the allowances for the sake of the record; the payment of the latter will be postponed until the debtor shall certify to the court its financial capacity to make at least a pro rata distribution on account to the various counsel to whom allowances are made.

The disbursements are fixed as follows:

McLanahan, Merritt & Ingraham............. $772.88
Stein & Salant................................. 167.19

The necessarily modest allowances are fixed as follows:

McLanahan, Merritt & Ingraham.............. 3000.00
Stein & Salant................................. 1000.00
Nathan D. Shapiro............................. 200.00
Edward Petigor .............................. 150.00
Hurd, Hamlin & Hubbell...................... 200.00

No allowance is made to the Mortgage Corporation of New York, although it is fair to say that Mr. Caskey, its attorney, has been helpful in the consideration of the plan and the formulation of modifications thereto.

The initiative was taken by that corporation in foreclosing the original mortgage, under circumstances which have been related, and it, rather than the debtor, should bear the burden of expense thereby entailed.

Settle order.